UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG SANDERS, | ) |
|     Plaintiff | ) |
| v. | )    2:22-cv-00084-JDL |
| VOYA FINANCIAL, et al., | ) |
|     Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff filed a complaint and an application to proceed in forma pauperis, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 3; Order, ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff, a resident of Oklahoma City, Oklahoma, worked full time as a bus operator for the Central Oklahoma Transportation and Parking Authority. (Attachment, ECF No. 1-5.) Plaintiff suffered certain physical and mental health issues between November 2020 and May 2021. (Attachments, ECF Nos. 1-1, 1-2, 1-3.) Plaintiff took several periods of leave from work and received some insurance benefits. (Attachments, ECF Nos. 1-2, 1-4, 1-5.) Plaintiff alleged he was terminated from his employment due to a mental health episode, received $12,000 in benefits "from [his] pension," and "will not receive any

more." (Complaint; Attachment, ECF No. 1-2.) According to a letter to Plaintiff addressing an internal appeal of his benefits determination, the compensation Plaintiff received was from his employer's short-term disability plan, which had a maximum duration of 24-weeks payable at $500 per week. (Attachment, ECF No. 1-4.)

## LEGAL STANDARD

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### DISCUSSION

Plaintiff named as defendants Voya Financial, evidently the administrator of his employer's short-term disability plan, and several individual employees of or consultants for Voya. Plaintiff did not in his complaint reference a theory of recovery other than an assertion of "wrongful termination" with no supporting facts. In the civil cover sheet filed with the complaint, Plaintiff referenced to several possible legal claims by checking certain items under the section entitled "Nature of Suit," which claims included "insurance" contract, "tort product liability," "other personal injury," "Americans with Disabilities" Act (ADA), "Family and Medical Leave Act" (FMLA), and "False Claims Act." (Civil Cover Sheet, ECF No. 2.) Plaintiff's complaint can also arguably be construed to allege a claim under the Employee Retirement Income Security Act (ERISA).

Presumably, Plaintiff joined the individuals named as defendants because they were involved in some way in the processing of Plaintiff's internal claim for short-term disability

3

benefits. Plaintiff, however, did not describe the alleged conduct of any of the individuals. The relevant documents Plaintiff filed showed that the employees communicated with Plaintiff about his efforts to recover benefits or paid leave, but none of the documents informs the Court or the individuals of a plausible theory of recovery against the individuals. Without any substantive allegations regarding the individual defendants' actions, Plaintiff failed to state a claim for relief against them. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (the pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Even if the Court considers Plaintiff's entries on the civil cover sheet as an attempt to allege claims against Voya or the individuals and his conclusory assertion of "wrongful termination," Plaintiff has not alleged any facts to support any of the claims. For example, given that Plaintiff has not alleged that Voya manufactured or sold him any goods, Plaintiff cannot assert a products liability claim against Voya. In addition, because Voya is not alleged to be Plaintiff's employer, Plaintiff has not stated a plausible ADA, FMLA, or wrongful termination claim against the named defendants.

The only discernible possible claim against Voya is an ERISA claim for benefits. *See* 29 U.S.C. § 1132.[1] Plaintiff, however, has not alleged any facts, which if true, would allow the Court to conclude Plaintiff is entitled to recover under ERISA. Plaintiff has not described the terms of the pension he references or provided any documentation reflecting

---

[1] In an ERISA benefits case, "either the plan or the party who controls its administration can be sued," but not other entities. *Negron-Fuentes v. UPS Supply Chain Sols.*, 532 F.3d 1, 10 (1st Cir. 2008).

a pension plan, and he has not alleged any facts to suggest he was entitled to more benefits under the short-term disability plan. In addition, Plaintiff has not alleged any other conduct that could plausibly support a finding that Voya violated a fiduciary duty or some other statutory duty. Given the lack of factual allegations, Plaintiff has failed to state a plausible ERISA claim.[2]

## CONCLUSION

Based on the foregoing analysis, following a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of April, 2022.

---

[2] Even if Plaintiff were to amend the complaint or file a new complaint in this District, Plaintiff might confront other potential obstacles to proceeding in this forum. For instance, Plaintiff's venue in this District could be an issue, *see* 28 U.S.C. § 1391(b), because Plaintiff and his employer are evidently residents of Oklahoma, and Voya Financial appears to be a New York company. The only apparent connection to the District of Maine is that one of the individuals named as a defendant evidently worked as a consultant for Voya and processed Plaintiff's internal appeal from an office in South Portland, Maine.